The information available on Case.net is provided as a service and is not considered an official court record.


Case.net:26SL-CC02895 - ANDREA RIEMENSCHNEIDER V MERCY HEALTH (E-CASE) - Docket Entries

| **Respond to Selected Documents |** **Sort by date:** Descending Ascending **Display options:** All Entries

**10/06/2026**

**Agent Served**

Document ID - 26-SMCC-11746; Served To - MERCY HEALTH; Served Date - 09/28/2026; Served Time - 00:00:00; Service Type - SD; Reason Description - SERV; Service Text -

**09/17/2026**

**Alias Summons Issued**

Document ID: 26-SMCC-11746, for MERCY HEALTH Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**09/15/2026**

**Note to Clerk eFiling**

**Filed By:** JASE COLEMAN CARTER

**Memorandum Filed**

Summons Never Served in response to Judge/Clerk - Note filed on 09/02/2026.

**Filed By:** JASE COLEMAN CARTER

**On Behalf Of:** ANDREA RIEMENSCHNEIDER

**Associated Entries: 09/02/2026 -**

**Judge/Clerk - Note**

+

**Summons Returned Non-Est**

Document ID - 26-SMCC-5421; Served To - MERCY HEALTH; Served Date - 09/17/2026; Served Time - 11:40:56; Service Type - SP; Reason Description - NEST; Service Text -

**09/02/2026**

**Judge/Clerk - Note**

PLEASE SUBMIT SERVICE RETURN(S) FOR PRIOR SUMMONS FOR THE ISSUANCE OF NEW SUMMONS. IF THE PRIOR SERVICE RETURN IS NOT AVAILABLE, THE PREVIOUS SUMMONS WITH ?NON-EST? OR ?NOT SERVED? WILL SUFFICE. PLEASE CONTACT THE CLERK AT (314)-615-2671 ONCE DONE TO ISSUE NEW SUMMONS. FAILURE TO DO SO WILL RESULT IN YOUR FILING BEING PROCESSED FOR DISMISSAL.

**Associated Entries: 09/15/2026 -**

**Memorandum Filed**

+

**09/01/2026**

**Request Filed**

Request for Second Summons.

**Filed By:** JASE COLEMAN CARTER

**On Behalf Of:** ANDREA RIEMENSCHNEIDER

**04/03/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-5421, for MERCY HEALTH Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**04/02/2026**

**Filing Info Sheet eFiling**

**Filed By:** JASE COLEMAN CARTER

**Pet Filed in Circuit Ct**

Petition.

**Filed By:** JASE COLEMAN CARTER

**On Behalf Of:** ANDREA RIEMENSCHNEIDER

**Judge Assigned**

DIV 17

**EXHIBIT A**

Electronically Filed - St Louis County - April 02, 2026 - 04:28 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| ANDREA RIEMENSCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| MERCY HEALTH, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Serve: CSC-LAWYERS INCORPORATING | ) | |
| SERVICE COMPANY | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION**

COMES NOW Plaintiff Andrea Riemenschneider ("Plaintiff"), by and through her undersigned counsel, and for her respective causes of action against Defendant Mercy Health ("Mercy Health"), state as follows:

1. Plaintiff brings this action to remedy Defendant's unlawful retaliatory and discriminatory practices against Plaintiff's rights under the Americans with Disabilities Act ("ADA").

2. Defendant Mercy Health is a nonprofit corporation organized, established, and existing under and by virtue of the laws of the State of Missouri.

3. Defendant is an employer, and Plaintiff is a person and employee under the ADA.

4. At all relevant times herein, Plaintiff was employed by the Defendant.

Electronically Filed - St Louis County - April 02, 2026 - 04:28 PM

**Jurisdiction and Venue**

5. Defendant's unlawful employment practices complained of herein occurred in St. Louis County, Missouri, and Defendant's primary place of business is in Chesterfield, Missouri.

6. Plaintiff has satisfied all administrative prerequisites to suit.

**Factual Allegations**

7. Plaintiff was a registered nurse (RN) for Mercy Support Services, a subsidiary of Mercy Health, from June 2024 to November 2024. Plaintiff worked in Emergency Medicine and was primarily tasked with speaking with patients over the phone about health questions and concerns and then escalating matters when necessary.

8. Plaintiff is a 48-year-old female and has been a nurse for more than 29 years.

9. Plaintiff reported to various individuals at Mercy, but her primary supervisor was Jennifer Presson.

10. On August 29, 2024, Presson told her that her 90-day probationary period would be extended to October 1st. Plaintiff was not provided any reasons.

11. Plaintiff told Presson on or around September 6, 2024, Plaintiff had disabilities and may need some sort of accommodation.

12. At no time did Presson or anyone else ask her about her disabilities or possible accommodation requests during this meeting. Presson ended the meeting abruptly.

Electronically Filed - St Louis County - April 02, 2026 - 04:28 PM

13. Plaintiff has anxiety, an autoimmune disease, rheumatoid arthritis, and fibromyalgia.

14. On September 16, 2024, Plaintiff met with HR representative Lynn Finer and told Finer of her disabilities and complained about how Presson was aggravating her anxiety and autoimmune disability. Plaintiff requested to switch to a different supervisor, and Plaintiff asked Finer for other ways to alleviate the stress Presson was putting her through.

15. From September 17–23, Plaintiff had to call-in to work because Plaintiff had a panic attack and an autoimmune flair up. Plaintiff visited her doctor and was prescribed medication. Plaintiff contacted HR and management and told them about these flair ups.

16. On these and later occasions, Plaintiff provided these health-related requests for leave related to her disabilities to HR and management.

17. Plaintiff returned to work on September 24th, and Presson immediately began to pick on Plaintiff the morning she returned.

18. There was a new physician's assistant, Lizel Alvarado, working at Mercy Health and no one instructed Plaintiff that Alvarado was the person Plaintiff was supposed to escalate calls to that morning. Presson was rude and chastised Plaintiff for not reporting to Alvarado. It was clear Presson was looking for a reason to discipline and/or criticize Plaintiff.

19. Again, it was Plaintiff's first day back at work and no one had given Plaintiff any instructions regarding Alvarado. And there was no sheet, calendar, or document for Plaintiff to reference. In late September, the only way Plaintiff would have known was for someone to tell Plaintiff, which no one did. Mercy Health later provided Plaintiff and other

Electronically Filed - St Louis County - April 02, 2026 - 04:28 PM

nurses documents describing the individuals that should receive escalated calls, but this was not in place when Plaintiff returned.

20. Furthermore, Alvarado was only licensed in Missouri, which meant Plaintiff still had to escalate non-Missouri calls to another physician's assistant or nurse practitioner. It was an understandable, small matter that Presson was clearly using to target Plaintiff.

21. The next day–and just a day after returning from medical leave–managers Nichole MacLellan and Ed Meyer gave Plaintiff her first discipline in the form of a "verbal corrective action" for not knowing Alvarado was her direct report for Missouri calls the day before.

22. Plaintiff couldn't believe it. Plaintiff was confident no other nurse would have even been talked to or "counseled" about the mix up, let alone disciplined for it. Plaintiff told them it was retaliation and how Plaintiff felt Plaintiff was being discriminated against for going to HR about her disability and coming back from sick leave.

23. In this meeting, managers said Plaintiff wasn't "a good fit" for the job and that Plaintiff would be allowed to transfer to another Mercy department.

24. On September 30th, Plaintiff spoke with Finer from HR about disability accommodations and the possibility of transferring within Mercy.

25. On October 23rd, Presson talked to her about a patient call. The patient called in and Plaintiff had not escalated the matter, but the patient was eventually admitted to the ER later that night. Plaintiff explained in detail how Plaintiff followed department procedures and

Electronically Filed - St Louis County - April 02, 2026 - 04:28 PM

was confident Plaintiff acted correctly. Presson said she believed it was worthy of a write-up, but would first talk to HR.

26. On November 5th, Plaintiff was written up for the call discussed on October 23rd. Manager MacLellan told her to "not look at it as a reprimand," and indicated it would not warrant further discussions.

27. However, Plaintiff reviewed the write up and found false statements in the manager's comments related to the patient's phone call. The false statements misrepresented Plaintiff's actions and the patient's symptoms, including falsehoods about what the patient's symptoms were over the phone and what Plaintiff told the patient.

28. Plaintiff considered this just as serious as a medical provider falsifying a patient's chart, and the false statements could be used against her if there was future litigation or inquiries into the patient's care.

29. Plaintiff was not shocked that Presson would make false statements about Plaintiff, but Plaintiff was rather stunned that the statements would be documented in a patient's file.

30. Plaintiff immediately sent emails to HR, the Director, and Executive Director about the false information. The false statements violated state and federal regulations that every provider knows well regarding patient and treatment records, and was an example of the continued discrimination and retaliation she had experienced by Presson.

Electronically Filed - St Louis County - April 02, 2026 - 04:28 PM

31. Days after Plaintiff made her complaint about the false records, Plaintiff was suspended "pending an investigation" and for her complaints to management following the November 5th write-up.

32. Plaintiff does not believe any other individual was suspended at this time related to her allegations of the false statements.

33. Plaintiff was then fired over the phone on November 11th for "a pattern of behavior that jeopardizes patient care."

34. Plaintiff had still not received word from Mercy Health regarding her accommodation requests and request for transfer at the time of her termination.

**COUNT I—Disparate Treatment in Violation of ADA**

35. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations and paragraphs of this Complaint.

36. Defendant intentionally restricted Plaintiff from working and terminated Plaintiff because of her disability and/or because of the need to provide reasonable accommodation for her disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA.

37. Defendant is an employer under the ADA.

38. Defendant is an entity engaged in an industry affecting commerce.

39. Defendant is an entity who has 500 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

40. At all relevant times, Plaintiff was an individual employed by Defendant.

Electronically Filed - St Louis County - April 02, 2026 - 04:28 PM

41. Plaintiff's medical condition(s) are a serious medical condition that substantially limits one or more major life activity, or alternatively, Defendant perceived Plaintiff as having such a condition.

42. Plaintiff's disability or perceived disability was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

43. Defendant's discriminatory treatment of Plaintiff was done with malice or reckless indifference to her federally protected rights.

44. The effect of the practices complained of in the foregoing paragraphs has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

45. Defendant treated Plaintiff inequitably based upon her disability and provided unfavorable workplace terms, conditions, and privileges of employment as compared to other employees who are not disabled.

46. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

Electronically Filed - St Louis County - April 02, 2026 - 04:28 PM

**COUNT II—Retaliation in Violation of the ADA**

47. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations and paragraphs of this Complaint.

48. Plaintiff's complaints to HR and managers about the discrimination she was suffering are protected activity and Defendant's retaliatory actions including, but not limited to, discipline, beratement, termination, and creating medical documents that misrepresent Plaintiff and place her in a bad light are in violation of Section 503 of the ADA, 42 U.S.C. § 12203.

49. Defendant's retaliation against Plaintiff was committed with malice or reckless disregard of her federally protected rights. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

50. Defendant's retaliatory actions against Plaintiff caused her to suffer emotional distress, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant for a finding that she has been subjected to unlawful discrimination and retaliation; for an award of back pay; for an award of front pay in a reasonable amount; compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert's fees; and for such other and further relief the Court deems just and proper.

Electronically Filed - St Louis County - April 02, 2026 - 04:28 PM

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues in this case which are so triable.

Respectfully Submitted,

**CARTER LAW FIRM, LLC**

/s/ Jase Carter
Jase Carter, #63752
4500 West Pine Blvd
St. Louis, MO 63108
(314) 675-1882
jase@carterfirm.law

*Attorney for Andrea Riemenschneider*

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>LORNE J. BAKER | **Case Number: 26SL-CC02895** | |
| Plaintiff/Petitioner:<br>ANDREA RIEMENSCHNEIDER<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JASE COLEMAN CARTER<br>4500 WEST PINE BLVD<br>ST LOUIS, MO 63108 | |
| Defendant/Respondent:<br>MERCY HEALTH | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to:** **MERCY HEALTH**
**Alias:**
**CSC-LAWYERS INC SVC CO.**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

03-APR-2026
Date

/S/ Adam Dockery
Clerk

**Further Information:**
AD

 Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________________________.

Served at ______________________________________________ (address)

in ______________________________ (County/City of St. Louis), MO, on ____________________ (date)

at ______________ (time).

______________________________ ______________________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ______________________________ (date).

*(Seal)*

My commission expires: ____________________ ______________________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the “neutral,” who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator’s decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2)** **<u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3)** **<u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**<u>(4) Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**<u>(5) Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**<u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - September 01, 2026 - 01:50 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| ANDREA RIEMENSCHNEIDER,<br><br>Plaintiff,<br><br>v.<br><br>MERCY HEALTH,<br><br>Serve: CSC-LAWYERS INCORPORATING SERVICE COMPANY<br>221 Bolivar St.<br>Jefferson City, MO 65101<br><br>Defendant. | Case No. 26SL-CC02895<br><br>JURY TRIAL DEMANDED |

**REQUEST FOR SECOND SUMMONS**

Plaintiff asks the Court to issue a new, second summons for Defendant Mercy Health with the service information provided above.

Respectfully Submitted,

**CARTER LAW FIRM, LLC**

/s/ Jase Carter
Jase Carter, #63752
4500 West Pine Blvd
St. Louis, MO 63108
(314) 675-1882
jase@carterfirm.law

*Attorney for Andrea Riemenschneider*

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
105 SOUTH CENTRAL AVENUE
CLAYTON, MISSOURI 63105

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 26SL-CC02895
PLAINTIFF: ANDREA RIEMENSCHNEIDER
DEFENDANT: MERCY HEALTH,
DATE OF DISMISSAL NOTICE: 02-SEP-2026

COURT DATE:
COURT TIME:
DIVISION:

### DISMISSAL NOTICE

Your petition/pleading(s) have been accepted but no summons or notice can be issued based on the pleadings filed by the party initiating the above referenced case. Corrective pleadings are necessary. The Court cannot proceed further at this time. Please file corrective pleadings as follows:

PLEASE SUBMIT SERVICE RETURN(S) FOR PRIOR SUMMONS FOR THE ISSUANCE OF NEW SUMMONS. IF THE PRIOR SERVICE RETURN IS NOT AVAILABLE, THE PREVIOUS SUMMONS WITH "NON-EST" OR "NOT SERVED" WILL SUFFICE. PLEASE CONTACT THE CLERK AT (314)-615-2671 ONCE DONE TO ISSUE NEW SUMMONS. FAILURE TO DO SO WILL RESULT IN YOUR FILING BEING PROCESSED FOR DISMISSAL.

The party initiating this case must file pleadings that correct these insufficiencies within seven (7) business days of the date this *Dismissal Notice* is issued or this case will be dismissed for failure to prosecute with costs assessed to initiating party in accordance with Rule 77.01. No extensions will be permitted unless otherwise ordered by the Court.

**Please return this memo with the corrected or new pleading.**

For additional information regarding this matter you may contact: CIRCUIT CIVIL at: (314) 615-2671.

JOAN GILMER, CIRCUIT CLERK

Electronically Filed - ST LOUIS COUNTY - September 15, 2026 - 12:35 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| ANDREA RIEMENSCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26SL-CC02895 |
| | ) | |
| MERCY HEALTH, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Serve: CSC-LAWYERS INCORPORATING | ) | |
| SERVICE COMPANY | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**
**SUMMONS NEVER SERVED**

The original summons was never served, which is why Plaintiff has requested a new summons be issued.

Respectfully Submitted,

**CARTER LAW FIRM, LLC**

/s/ Jase Carter
Jase Carter, #63752
4500 West Pine Blvd
St. Louis, MO 63108
(314) 675-1882
jase@carterfirm.law

*Attorney for Andrea Riemenschneider*

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>LORNE J. BAKER | **Case Number: 26SL-CC02895** | |
| Plaintiff/Petitioner:<br>ANDREA RIEMENSCHNEIDER<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JASE COLEMAN CARTER<br>4500 WEST PINE BLVD<br>ST LOUIS, MO 63108 | |
| Defendant/Respondent:<br>MERCY HEALTH | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to:** **MERCY HEALTH**
**Alias:**
**CSC-LAWYERS INC SVC CO.**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

17-SEP-2026
Date

/S/ MALIK WRIGHT-HAMILTON
Clerk

**Further Information:**
MWH

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________.

Served at ______________________________ (address)

in ______________________________ (County/City of St. Louis), MO, on ______________ (date)

at ____________ (time).

______________________________ ______________________________
Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ ______________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the “neutral,” who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator’s decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

RECEIVED

SEP 2 5 2026

COLE COUNTY SHERIFF'S OFFICE

| | | |
|---|---|---|
| Judge or Division:<br>LORNE J. BAKER | **Case Number: 26SL-CC02895** | |
| Plaintiff/Petitioner:<br>ANDREA RIEMENSCHNEIDER<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JASE COLEMAN CARTER<br>4500 WEST PINE BLVD<br>ST LOUIS, MO 63108 | |
| Defendant/Respondent:<br>MERCY HEALTH | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to:** **MERCY HEALTH**
**Alias:**
**CSC-LAWYERS INC SVC CO.**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

**Other Addresses:**

FILED
OCT 06 2026
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

17-SEP-2026 — Date

/S/ MALIK WRIGHT-HAMILTON — Clerk

**Further Information:**
MWH


Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

526 $50-w

## Officer's or Server's Return

**Note to serving officer:** Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:
CSC Lawyers % L-Shipley (name) designee (title).

☐ other: ______________________.

Served at 350 E. High St (address)
in Cole (County/City of St. Louis), MO, on 9-28-2026 (date)
at 850 AM (time).

Sheriff John P Wheeler by ______ Signature of Officer or Server
Printed Name of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ ______________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.